IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DUSTIN M. ALAMEDA,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 4:21-cv-00921-P-BP |
| **SAM SHVARTZ,** *et al.*, | § § § | |
| **Defendants.** | § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiffs' Amended Notice of Non-Suit filed by Plaintiffs Dustin Alameda and Tin Nguyen on October 15, 2021. ECF No. 19. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs may voluntarily dismiss this case without a court order provided that the opposing parties have not served an answer or motion for summary judgment. To do so, they need only file a notice of dismissal with the Court. "That document itself closes the file [and] . . . the court has no role to play. This is a matter of right running to the plaintiff[s] and may not be extinguished or circumscribed by adversary or court." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

Review of the record in this case reflects that defendants Sam Shvartz, Shahaf Shvartz, Visions Moving & Storage, and Priceline Logistics have neither served an answer nor a motion for summary judgment. Therefore, Plaintiffs are entitled to voluntarily dismiss the case against them without a court order under Rule 41(a)(1)(A)(i). *Id.* Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS** this action **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 19, 2021.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE